## THE HARTFORD SCREW COMPANY *vs.* THE PORTER MANUFACTURING COMPANY.

A declaration—after setting out an indenture, by which the defendants leased a tenement for five years to T. and others, and which contained a proviso that a joint stock corporation should be organized by T. and his associates, and should take and assume said tenement, upon the terms and conditions

The Hartford Screw Company *v.* The Porter Manufacturing Company.

stated in said lease, and assume all the liabilities of the lessees, contained in the lease, and that then the lease should be void as to the lessees, and the lessors would accept said company as their tenants, and look to them only for the rent, and for the fulfilment of all the terms, undertaken by the lessees, exactly as if the lease had been assigned by said T. and others to said company; and the defendants would fulfil to said company all their promises and covenants to the lessees—further alleged, that the contemplated company, who were the plaintiffs, were duly organized, and took possession of said tenement, upon the terms contained in said lease, and assumed all the agreements of the lessees, specified therein; that the defendants accepted the plaintiffs as their tenants, and that thereupon the defendants, by said agreement, became bound, and, in consideration thereof, assumed, and agreed that they would do and perform for the plaintiffs all things agreed to be done and performed by said T. and others; and, after a further allegation that the plaintiffs had performed all the agreements that T. and others were bound to perform, specified certain breaches of the agreement, for which damages were claimed. On a demurrer to such declaration, it was held; 1. that the original lease was not set out as a ground of recovery, but to show the terms of the new contract; 2. that such declaration embraced sufficient allegations of a consideration for the undertaking of the defendants; 3. that it was not insufficient, because it contained no formal averment of notice to the defendants, of the organization of said company.

THIS was an action on the case. The declaration, containing but one count, was as follows.

"On or about the 21st day of December, A. D. 1848, the said Porter Manufacturing Company, at and within the said city of Hartford, entered into an agreement with Willis Thrall, J. Seymour Brown, Chauncey Ives, George S. Lincoln & Co., Lyman Stockbridge, John G. Mix, and Gurdon Fox, of said Hartford city, by which the defendants did remise and let, for a valuable consideration, to the said Thrall, Brown, Ives, Lincoln & Co., Stockbridge, Mix, and Fox, certain portions and apartments of a certain building belonging to said Porter Manufacturing Company, and situated in said city of Hartford, on Grove Lane, *viz.*, the whole of the third story of said building, and one-quarter of the basement of the same, to be used as the location of a press, or header, and for storing scrap and other wire, iron and coal, with the following appurtenances and privileges, to wit, the privilege of attaching a belt to the drum in the room above said base-

ment, to operate said press, or header, and also steam power sufficient to propel said press, or header, and steam power, when applied to the machinery of the lessees, to manufac-ture an average number of six hundred gross of screws a day, said power to be introduced without charge to the lessees, into the said third story by a main drum or wheel, and into whatever part of said story said lessees shall direct, and also to be supplied, (that is, the said power,) for ten hours during every working-day in the year; also with the privilege and agreement, on the part of said lessees, that the lessees, if they desire to manufacture more than an average number of six hundred gross of screws a day, shall be supplied with power sufficient thereto, by the payment to said lessees of extra rent, at the rate of one hundred dollars per year, for every one hundred gross of screws which they, the said lessees, shall manufacture in addition to the daily average of six hundred gross, provided the lessees shall not exceed one thousand gross in any one day; also the privilege to said lessees of using, provided said company's steam engine is run, at any and all times, for more than ten hours a day, the power for the extra time of said running, at the rate of rent hereinafter received for the ordinary and stated use of said power and building; also the privilege of taking what quan-tity of water the lessees may want, from the steam condenser, and conveying the same by a pump to the third story of said building, for the term of five years from the 10th day of January, A. D. 1849, with all the appurtenances of said premises.

And said company did further, then and there, agree to, and with, the said Thrall, Brown, Ives, Lincoln & Co., Stockbridge, Mix and Fox, that they would build a good and sufficient partition, in and around the stairway and north door of said building, and would enclose and partition off a counting-room, in such place and manner as the lessees should direct, within said demised premises, and that they would, at their own expense, plaster the jambs of the brick wall, adja-

cent to the windows, smoothly enough to retain a coat of whitewash, and that they would thoroughly whitewash all the brick of the said third story, (that is, the inner walls of the same,) and that they would lay good and convenient walks, and prepare all such modes of access to the building, both for teams and persons on foot, as might be necessary for the transaction of the said lessees' business, and that they would provide good and sufficient privies for the use of the male and female operatives, in the employ of said lessees, and so arrange them that the opposite sexes need not come in contact, and that they would construct and put up a windlass or fall, to raise and to lower from said third story, in a safe manner, all the necessary machinery, materials and wares of said lessees ; and said Porter Manufacturing Company did also agree that the said lessees should at all times enjoy the privilege of moving their machinery within the demised premises, or of removing at their own expense, any partition within the same, which they may have put up at their own expense, and that if they, the said company, were obliged to remove the headers by reason of any damage which they might occasion to said building, they would erect another building suitable for the operation of said headers, without receiving any additional rent, provided that said lessees would relinquish to the company the room in the first story occupied by the headers; also that they would provide, within a convenient distance from the said premises, a well of water, suitable for drinking, for the use of said lessees, and the persons whomever the said lessees employ ; also that said lessees should have the power to determine said lease, at any time within the term of five years, by giving said company six months previous notice of their intention, and by the payment of three hundred dollars to said company, for said privilege. And the said Thrall, Brown, Ives, Lincoln & Co., Stockbridge, Mix and Fox, in consideration of the premises, did then and there covenant and agree, for themselves and their personal representatives, that they would well and truly

pay to the said company, quarterly rent for the above descri-
bed premises, at the rate of one thousand dollars a year,
during the full term of their occupation of the same, and
that whenever their said occupation should lawfully termi-
nate, that they would peaceably and quietly surrender the
said premises to the said company, and leave the same, with
the exception of ordinary and necessary wear and tear, in as
good and tenantable repair as the said premises were in at
the date of the said lessees' entry; and it was also agreed by
and between said parties, that if the said lessees, or a part
of them, either alone or in connection with others, succeed
in forming and organizing, under the law of the State of
Connecticut, a joint stock corporation, to be called the Hart-
ford Screw Company, which, when formed, shall be ready
to take and assume the possession of the aforementioned
premises, with the privileges above described, and upon the
terms and conditions above specified, and to assume all the
liabilities of said lessees, contained in their said lease, that
then said lease should be void; and it was also then and
there agreed by the parties, that if the said Hartford Screw
Company was formed and organized, and fulfilled all the
terms, and assumed all the liabilities specified in the forego-
ing condition, that the lessors would accept the said Hartford
Screw Company, under said lease, as their tenants or lessees,
and would look to them, and no longer to the individual les-
sees, for the payment of rent, and the proper discharge of all
the liabilities, and fulfilment of all the terms undertaken and
incurred by the said lessees, in their said lease, exactly as if
said lease had been assigned by the said party of the second
part, to the Hartford Screw Company; and the defendants
did also agree that they would fulfil to the said Hartford
Screw Company, all the promises and covenants made in
said instrument to the above-named individual trustees.

And the plaintiffs further say, that afterward, on or about
the 5th day of January, 1849, the said Thrall, Brown, Ives,
Mix, Lincoln & Co., Stockbridge and Fox, together with

The Hartford Screw Company *v.* The Porter Manufacturing Company.

Norman Porter, and Norman Porter, Jr., of New Britain, Edward Goodman, John G. Smith, Elihu Geer, of Hartford, with some other persons, did form and organize, under the laws of Connecticut, a joint stock company, called the Hartford Screw Company, and that said company is still in being, and the plaintiffs in this suit, and ever since have been, and now are doing business in the city of Hartford, and that they, the plaintiffs, did afterward assume the possession of the above-mentioned premises, with the privileges described in said lease, upon the terms and conditions above specified, and assumed all the agreements made by the said lessees, in their said agreements, and the defendants thereupon accepted the plaintiffs as their tenants, in the place of [the said Thrall, and the others above-named, and thereupon the defendants, by their said agreement, became bound, and in consideration thereof, assumed and agreed that they would do and perform for the plaintiffs, all things by them agreed to be done and performed to the said Thrall and others, and the plaintiffs say that they have kept and performed all things which the said Thrall and others agreed to keep and perform, and all things that they, by said agreement, were bound to keep and perform; yet that the defendants have not kept and performed all things by them agreed to be kept and performed, in this, that the defendants have not built the partitions, plastered nor whitewashed the walls, laid walks, prepared modes of access, nor provided privies for the use of the operatives of the plaintiffs, nor put in a windlass, by reason of which the plaintiffs have been put at great expense and inconvenience, in the occupation of said premises, and that by reason thereof they have had great difficulty in procuring help, in their said business, and they have lost much of the time of those in their employ, by their having to go to other places, and suffered much in their health, and other inconvenience, and that by reason of the defendants not having fulfilled their said agreements, they have been greatly hindered and obstructed, in carrying on their said business,

and been otherwise greatly injured, all which is to the damage of the plaintiffs," &c.

To this declaration, the defendants filed a general demurrer. The court adjudged the declaration sufficient, and thereupon rendered judgment for the plaintiffs. To obtain a reversal of this judgment, the defendants, by motion in error, brought the record before this court.

*Welles* and *Pardee*, in support of the motion.

I. The contract was made with Thrall and his associates, and can not be assigned; the suit must therefore be brought in the name of the original parties.

At common law, none but parties, or privies to express contracts, can sue thereon. 1 Ch. Pl., 16, 17. *Brush* v. *Curtis*, 4 Conn. R., 312. 5 M. & S., 411.

II. To enable the assignee to sue, in his own name, there must be an express promise made to the assignee to pay the debt, or perform the contract, in consideration of forbearance, or in respect of any other new consideration, and he must declare upon such new promise and consideration. 1 Ch. Pl., 15. 1 Saund. R., 210. n. 1. 4 B. & C., 525.

III. The declaration is defective in both respects. The promises set out are to Thrall and others; there is no new consideration stated.

IV. There is no averment of notice of the formation of the new joint stock company, and of their readiness to assume the liabilities of Thrall and his associates. Such averment is indispensable. Whenever, upon the happening of a fact, the rights and duties of other parties are to be changed, or in any manner waived, notice of the happening of that fact must be given, unless it lies equally within the knowledge of both parties, and the giving of such notice must be averred. 1 Ch. Pl., 328-9. Com. Dig., Pleading C., Nos. 73-5. Vin. Abr., "Notice." 5. T. R., 621-24. 17 Mass., 229. 1 Day, 186, n. c.

The omission of averment of notice, when necessary, will

be fatal on demurrer, or default. 1 Ch. Pl., 329. 1 Day, 186.

The formation of the new company was wholly within the knowledge of Thrall and his associates; they were parties to the contract as individuals; they were the members of the joint stock company. To the defendants all would appear as before. There were the same parties, and the same possession, and payment of rent.

The use of the words, "accept the plaintiffs as tenants," will not help the plaintiffs. Such acceptance might be the mere acceptance of rent from Thrall, the manager, but in what capacity is not shown; and even if the plaintiffs were accepted, and if all the other allegations are true, there would be only appropriate evidence to prove the notice, and can not dispense with the averment of it.

V. There is no consideration set up, which will support any promise whatever, to the plaintiffs. The pretended consideration is an executed one; from that the law will not imply such a promise as this action seeks to enforce. Smith on Contracts, p. 62, note b, and seq. *Brown* v. *Crump,* 6 Taun., 300. *Granger* v. *Collins,* 6 M. & W., 458. *Hopkins* v. *Logan,* 5 M. & W., 241. *Jackson* v. *Cobbin,* 8. M. & W., 790. *Roscorla* v. *Thomas,* 43 E. C. L. R., 713.

The proposition is fully sustained by authorities; that where the consideration is one, from which a promise is by law implied, there no express promise, made in respect of that consideration, after it has been executed, differing from that which by law would be implied, can be inferred. Tindall, Ch. J., in *Kaye* v. *Dutton,* 7 M. & G., 807, and the cases cited in Smith on Cont., 63, and notes.

It is obvious that the consideration stated, even if there be one, would not support any such implied promise as the one declared upon.

*T. C. Perkins* and *Goodman,* contra.

HINMAN, J.   The defendants, in this action, insist that the declaration is so framed, that no judgment for the plaintiffs can be recovered upon it.   It is claimed that no consideration is stated for the promise, and that the promise itself does not appear to have been made to the plaintiffs; but, on the contrary, does appear to have been made to Willis Thrall and certain other persons.   It is quite obvious that if either of these claims is well founded, the plaintiffs' action must fail.   Are they well founded?   The declaration sets out the whole of an indenture between the defendants and Thrall and his associates, the substance of which was, that the defendants leased to said Thrall, &c., for the term of five years, a certain tenement in Hartford, at an annual rent of one thousand dollars, to be paid to the defendants, by a lease executed by all the parties to it, and under seal, containing several stipulations, and among them the following: that as Thrall and his associates, who were the lessees, contemplated the formation of a joint stock corporation, to be called the Hartford Screw Company, if the lessees, or a part of them, either alone, or in company with others, should succeed in organizing said company under the laws of the state; and the company, when formed, should take and assume the tenement, with the privileges, and upon the terms and conditions stated in the lease, and should assume all the liabilities of the lessees contained in the lease; then, the lease should be void, and the lessors would accept the said screw company as their tenants, and would look to them only for the rent, and for the fulfilment of all the terms undertaken by the lessees, exactly as if the lease had been assigned by Thrall and others, to the said screw company; and the defendants would fulfil to the screw company all their promises and covenants to the lessees.   It is then alleged that the contemplated company was duly formed, and that it assumed the possession of the tenement with the privileges, and upon the terms contained in the lease; and assumed all the agreements of the lessees specified therein.   The declaration then

alleges, that the defendants accepted the screw company, who are the plaintiffs, as their tenants, in the place of Thrall and others, and then goes on to allege, that " thereupon the defendants, by their said agreement, became bound, and in consideration thereof, assumed and agreed that they would do, and perform, for the plaintiffs, all things by them agreed to be done and performed to the said Thrall and others ; " and then, after an allegation that the plaintiffs have performed all the agreements that Thrall and others were bound to perform, certain breaches of the agreement by the defendants are specified, for which damages are demanded.

Upon general demurrer, defects of substance only can be taken advantage of. The question therefore is, whether there is enough upon the whole declaration to show a good cause of action. We think there is.

The objections to the declaration are, first, that the contract appears to have been made with Thrall and his associates, and not with the plaintiffs ; and, secondly, that there is no consideration stated for any new promise to the plaintiffs. But we think that the original lease is not set out as a ground of recovery in this action. It is stated merely for the purpose of showing, by referring to it, the terms of the new contract with the plaintiffs. The terms of both contracts were the same, though the first only was evidenced by a deed. · Being under seal, it was not competent for either party to found an action of assumpsit upon it; and upon the face of it, it contemplated a new contract with the plaintiffs, whenever they should become organized and prepared to make it. The declaration alleges that the new contract was made as contemplated, and the lease is set out for the purpose of showing what its terms were. We think this the obvious object of the pleader, as appears from the whole frame of the declaration. The terms of the lease were such that it was to become void on the organization of the contemplated company, and its assumption of the liabilities of the lessees; and we presume it was not the intention to sue

upon a contract, which had accomplished its purpose, and ceased to be any longer operative.

But it is claimed that no consideration is alleged for the new agreement, as moving from the plaintiffs; and this is relied upon, as showing that the only agreement stated is the one, which was made with Thrall and others: and, in this connection, it is said there is no averment of notice to the defendants of the organization of the plaintiffs as a corporation.    There is, indeed, no formal averment of any such notice having been given.    But the organization itself is specifically, and directly, averred, and that they are the plaintiffs in this suit, and that they assumed possession of the leased premises on the terms and conditions specified in the lease; and then it is alleged that the defendants thereupon accepted the plaintiffs as their tenants in the place of the said Thrall and others.    Now the defendants obviously could not accept the plaintiffs as their tenants in the place of Thrall and others, without having had knowledge of their organization, as a joint stock corporation; and when it appears that such an organization was contemplated by the original lease, which was executed by the defendants, and is set out in the declaration, we do not think any reliance ought to be placed on this suggestion, that no notice is alleged of the plaintiffs' organization as a corporation.    It appears to us, moreover, that the allegation that the defendants accepted the plaintiffs as their tenants, &c., in connection with the other allegations, and particularly with the statement of the terms of the original lease, goes far to show that the defendants did make the agreement relied upon by the plaintiffs.    It is true this is not such a direct and positive allegation of a promise as, according to the rules of pleading, ought to be made in a declaration.    But it may, we think, properly be used for the purpose of pointing the subsequent allegation of a promise and agreement to the plaintiffs, as the party with whom that subsequently alleged agreement was made.    Immediately after the allegation that the defendants accepted the plain-

tiffs as their tenants, &c., that is, accepted them as their tenants upon the terms contemplated in the original lease, it is alleged that the defendants thereupon became bound, by their said agreement, and in consideration thereof, assumed and agreed, &c. The idea is not expressed as clearly as, perhaps, it might be. Still, we think from the whole frame of the sentence, and considering what immediately precedes it, that the meaning is, that the defendants, by their said agreement, became bound to assume and promise the plaintiffs to perform to them all the stipulations, which in their said lease they had covenanted to perform to said Thrall and others, and they thereupon, in consideration thereof, did assume, and agree to do for the plaintiffs, all that by their lease they had covenanted to do for Thrall and others. · For these reasons, we think the superior court was correct in holding the plaintiff's declaration to be sufficient in law; and as the motion for a new trial has not been pursued in this court, the plaintiffs are entitled to judgment on the finding of the court.

In this opinion, the other judges, WAITE and STORRS, concurred.

Judgment affirmed.